OPINION OF THE COURT
Carnell T. Foskey, J.
On June 9, 1991, the defendant, James Pette, was operating *435 a motorcycle which was involved in an accident resulting in the death of a pedestrian. The defendant was issued the following summonses at the scene of the accident: operating a motor vehicle without insurance in violation of Vehicle and Traffic Law § 319 (1); operating a motorcycle out of class in violation of Vehicle and Traffic Law § 509 (2); operating an unregistered vehicle in violation of Vehicle and Traffic Law § 401 (1); operating a motor vehicle without registration plates in violation of Vehicle and Traffic Law § 411 (1); and operating a noninspected vehicle in violation of Vehicle and Traffic Law § 306 (b).
This matter was tried to its conclusion on January 20, 1993 and April 21,1993, after which decision was reserved.
The following facts were established at trial. On June 7, 1991, James Pette, accompanied by two individuals, one of whom was Dan Costanzo, went to the home of David Malandrino to look at a motorcycle, which the defendant was interested in purchasing. The motorcycle they went to look at was the same motorcycle driven by the defendant on June 9, 1991, which was involved in the accident. Mr. Pette took the motorcycle for a test drive. After returning from the test drive, Mr. Pette told Mr. Malandrino that he wanted to buy the motorcycle, but that he wanted it checked out by his friend first. Mr. Pette paid Mr. Malandrino the purchase price of $2,000, part in cash and part by check.
Mr. Malandrino then removed the registration plate and inspection sticker. Mr. Pette took possession of the motorcycle and drove off. Mr. Malandrino retained title to the motorcycle as security until the check cleared and Mr. Pette could get the motorcycle "checked out”.
Two days later Mr. Pette was involved in the fatal accident. The evidence at trial showed that the defendant failed to produce an insurance card upon the police officer’s request at the accident scene. He also failed to produce a registration, as Mr. Malandrino still had the registration in his possession. The motorcycle had no license plate and no inspection sticker. Moreover, when asked to produce his license, he produced a class 5 license, as Mr. Pette did not have a class 7 license.
Immediately following the accident, the motorcycle was impounded at Al’s Towing in Oceanside, N.Y. Approximately one week thereafter, Mr. Malandrino sold the motorcycle to a third party. Mr. Malandrino had gone to Al’s Towing, shown proof of ownership and took possession thereof.
*436 It is clear from the evidence presented that Mr. Pette is guilty of operating a motorcycle out of class in violation of Vehicle and Traffic Law § 509 (2); of operating a motor vehicle without registration plates in violation of Vehicle and Traffic Law § 411 (1), and of operating a noninspected vehicle in violation of Vehicle and Traffic Law § 306 (b), and the defendant is found guilty of these charges.
What is less clear is whether the defendant was the "owner” of the motorcycle, and therefore responsible for procuring insurance and registering the motorcycle in his name. The People cite Dairylea Coop. v Rossal (64 NY2d 1) to support their proposition that Mr. Malandrino had transferred ownership to the defendant. In this case, the New York Court of Appeals held that "[t]he execution by the purchaser of a vehicle of a note and purchase agreement * * * is a sufficient transfer of ownership of the vehicle * * * notwithstanding that the prior owner’s license plates [are still] on the vehicle”. (Supra, at 6.) The seller in Dairylea retained title to a vehicle until the monies due under a purchase and sale agreement were paid. Subsequently, prior to the transfer of title to the seller, there was an accident involving the vehicle. The question of who the owner was arose, and the Court found that an effective transfer had taken place even though the certificate of title was not transferred until after the accident.
However, there are some differences between Dairylea (supra) and the facts of this case. In Dairylea, there was a written purchase and sale agreement. Here we have no such written agreement. We simply have money changing hands. Additionally, in Dairylea, there was no question that the vehicle had changed ownership, as title was transferred to the driver after the accident. The question was when the ownership of the vehicle had been transferred. In this action, Mr. Malandrino never transferred title to Mr. Pette. Mr. Malandrino sold the motorcycle to another buyer one week after the accident. In examining all the facts in this case, the court holds that ownership of the motorcycle never passed from Mr. Malandrino to Mr. Pette. Therefore, since the motorcycle was registered and insured by Mr. Malandrino at the time of the accident, Mr. Pette is found not guilty of the charges against him of operating an unregistered vehicle in violation of Vehicle and Traffic Law § 401 (1) and of operating a motor vehicle *437 without insurance in violation of Vehicle and Traffic Law §319 (1).
Sentencing of the defendant shall take place at Part CTC I of the First District Court, 99 Main Street, Hempstead, N.Y. at 9:30 a.m. on the 29th day of June 1993.